UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THEODORE SIMPSON,

         Plaintiff,

                          9:12-CV-1482
v.                          (GTS/DEP)

BEN OAKES, Physician Assistant, Southport Corr. Facility;
C. FELKER, Nurse Admin., Southport Corr. Facility;
DR. H. SILVERBERG, M.D., Great Meadow Corr. Facility;
DR. KARANDY, M.D.; Great Meadow Corr, Facility; and
J. COLLINS, Nurse Admin., Great Meadow Corr. Facility,

         Defendants.
_____

APPEARANCES:                OF COUNSEL:

THEODORE SIMPSON, 96-A-3862
 Plaintiff, *Pro Se*
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582

HON. ERIC T. SCHNEIDERMAN        ADRIENNE J. KERWIN, ESQ.
Attorney General for the State of New York    Assistant Attorney General
 Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

   Currently before the Court, in this prisoner civil rights action filed *pro se* by Theodore Simpson ("Plaintiff") against the five above-captioned correctional employees ("Defendants"), are United States Magistrate David E. Peebles' Report-Recommendation recommending Defendants' motion for summary judgement be granted and that Plaintiff's Amended Complaint be dismissed, and Plaintiff's Objection thereto. (Dkt. Nos. 129, 134.) For the reasons set forth

below, the Report-Recommendation is accepted and adopted, Defendants' motion is granted, and Plaintiff's Amended Complaint is dismissed.

## I.     RELEVANT BACKGROUND

Because this Decision and Order is intended primarily for the review of the parties, the Court will not recite this action's procedural history, those of Plaintiff's claims that were still pending when Defendants filed their motion for summary judgment, and the parties' briefing on that motion. Rather, the Court will respectfully refer the reader to Magistrate Judge Peebles' Report-Recommendation, which accurately conveys that information.

## II.    STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

first instance.[2]  Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance.  *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).  Similarly, when an objection merely reiterates the *same arguments* made by the

---

[2]     *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.[4]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. ANALYSIS

Based on a careful review of this matter, the Court can find no error with Magistrate Judge Peebles' thorough Report-Recommendation. (Dkt. No. 129.) Magistrate Judge Peebles employed the proper legal standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id*.) As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. The Court would add only two brief points.

---

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

First, despite receiving a 60-day extension by which to file his Objections, Plaintiff filed Objections that, even when construed with the utmost of liberality, largely fail to specifically challenge Magistrate Judge Peebles' Report-Recommendation, or assert any arguments that were not asserted in his underlying opposition memorandum of law. (*Compare* Dkt. No. 134 [Plf.'s Objections] *with* Dkt. No. 129 [Report-Recommendation] *and* Dkt. No. 125 [Plf.'s Opp'n Memo. of Law].) As a result, those portions of Magistrate Judge Peeble's Report-Recommendation are subject to merely a clear error review, which they easily survive under the circumstances.

Second, the remainder of the Report-Recommendation survives a *de novo* review. For example, to the extent that Plaintiff argues, in his Objections, that he was prejudiced by Defendants' failure to assert their failure-to-exhaust argument in prior submissions to the Court, Plaintiff is advised that Defendants asserted an exhaustion defense in their Answer to his Amended Complaint and therefore preserved that affirmative defense. (*See* Dkt. No. 80, at ¶ 14.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 129) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 117) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 5) is **DISMISSED** in its entirety.

Dated: January 23, 2015
Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge